UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CEMENT MASONS LOCAL 527, )
et al., )
 )
        Plaintiffs, )
 )
   vs. ) No. 4:07-CV-484 (CEJ)
 )
CORBETT CONCRETE, INC., )
 )
        Defendant. )

**MEMORANDUM AND ORDER**

    This matter is before the Court on plaintiffs' motions for a preliminary injunction [#7] and for default judgment [#9] against defendant Corbett Concrete, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on March 31, 2007. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on May 25, 2007.

    Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are trustees of three employee benefit plans (the Pension, Welfare and Vacation funds), the St. Louis Construction Training and Advancement Foundation, and the Cement Masons Local 527 (the Union). Defendant Corbett Concrete, Inc., is a party to a collective bargaining agreement with the Union. Plaintiffs contend that defendant failed to make timely contributions to the plans as required under the terms of the

collective bargaining agreement. They seek $79,005.81 in delinquent contributions, $7,274.10 in liquidated damages, and $5,115.54 in interest. Plaintiffs additionally seek $587.00 in attorney's fees, $448.05 in court costs and $1,974.00 in payroll examination fees. Therefore, plaintiffs seek a total judgment in the amount of $94,404.50.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On November 12, 2003, defendant and the Union entered into a collective bargaining agreement which was effective through May 1, 2004. The agreement contained an automatic renewal provision which provides that it would be renewed for additional one year periods unless either party gave timely written notice of its intention to terminate the agreement. Defendant did not give such notice prior to the expiration of the agreement. Indeed, defendant continued to submit reports under a subsequent collective bargaining agreement, which was effective through May 1, 2009. The collective bargaining agreement obligates defendant to make contributions to the Pension fund (§ 7.06), the Welfare fund (§ 7.07), and the Vacation fund (§ 7.12). Signatories are also required to make contributions to the St. Louis Construction Training and Advancement Foundation (§

7.11). Employers make contributions by purchasing "fringe benefit stamps" for each covered employee. (§ 7.08). The failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorney's fees and costs. (§ 7.10).

Plaintiffs submit the affidavit of John Massa, an accountant and the controller for the benefit funds. According to Mr. Massa, defendant failed to purchase the required fringe benefit stamps. Pursuant to § 7.10 of the agreement, Mr. Massa conducted an audit of defendant's records for the period of September 12, 2003 through April 30, 2006. The report of the audit lists the hours worked each month, the contribution rate for the various types of contributions owed by defendant, and the amount owed. The Court finds that plaintiffs have established they are entitled to collect $79,005.81 in delinquent contributions for the period of September 12, 2003 through April 30, 2006.

In addition, plaintiffs are entitled to recover liquidated damages for plaintiff's delinquent contributions to the Pension, Welfare, and Vacation funds. Liquidated damages under the agreement are measured as $25.00 per delinquent contribution or ten percent of the delinquent contribution, whichever is greater. Further, plaintiffs are entitled to interest at the rate of six percent per annum. The Court finds that defendant owes liquidated damages in the amount of $7,274.10 and interest in the amount of $5,115.54. Thus, a total of $91,395.45 is due for delinquent contributions, liquidated damages and interest.

Plaintiffs also submit the affidavit of their attorney, Greg Campbell. Mr. Campbell states that his standard hourly rate for his services is $160.00 and that he spent 3.2 hours working on this case, for a fee of $512.00. A legal assistant performed 1 hour of work for a fee of $75.00. Attorneys fees in the amount of $587.00, plus costs in the amount of $350.00 for the filing fee, $98.05 for service of process, and $1,974.00 in payroll examination fees will each be included in the judgment.

In addition to their motion for default judgment, plaintiffs also filed, on the same day, a motion for a preliminary injunction. The motion sought a preliminary injunction requiring defendant to submit all reports and contributions as they became due during the pendency of this action. Because the Court is granting plaintiffs' request for default judgment, the action will no longer be pending and plaintiff's motion for a preliminary injunction will be moot. However, defendant is reminded that its legal obligation to submit reports and contributions to plaintiffs has not terminated. Defendant remains contractually required to submit the reports and contributions as they become due pursuant to the collective bargaining agreement.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant KRI Midwest, Inc., in the amount of $94,404.50.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant Corbett Concrete, Inc. [#9] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for a preliminary injunction [#7] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2007.